**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | |
|---|---|
| John Hilaire, ) | Case No. |
| ) | |
| Petitioner/Plaintiff, ) | |
| ) | |
| V. ) | **FCRA** |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS INC. ) | |
| ) | |
| ) | |
| Defendant. ) | **TRIAL BY JURY DEMANDED** |
| ) | |

## I. NATURE OF THE ACTION

1. This civil action by Plaintiff John Hilaire is for damages and equitable relief arising from Defendant EXPERIAN INFORMATION SOLUTIONS INC. ("Experian") violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681 et seq.

2. Plaintiff disputes Experian's reporting and continued publication of multiple tradelines and associated nonpublic banking credit account information where Experian failed to conduct a reasonable reinvestigation, failed to consider the information Plaintiff provided, and failed to provide the statutorily required method of verification after claiming the disputed information was "verified."

3. Experian further failed to provide to Plaintiff's lawful request for the method of verification by improperly invoking "litigation involved" and by mischaracterizing Plaintiff's request as a frivolous or insufficient dispute.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States of America, including the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, which provides for jurisdiction in any appropriate United States district court without regard to the amount in controversy.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b et seq., pursuant to 28 U.S.C. § 1367, because that claim forms part of the same case or controversy as Plaintiff's federal claims and arises from a common nucleus of operative facts.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because defendant conducts business in this state, and because a substantial part of the events and omissions giving rise to the claims occurred in this District, including Experian's reporting, reinvestigation failures, and communications sent to Plaintiff in the state of Connecticut.

## III. PARTIES

8. Plaintiff is a resident of the State of Connecticut, and for purposes of this action, Plaintiff meets the definition of a "consumer".

9. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, maintaining, and furnishing consumer credit information to third parties for profit.

10. Defendant Experian Information Solutions, Inc. is a foreign limited liability company registered to do business in the State of Connecticut.

2

## IV. FACTUAL ALLEGATIONS

11. On or about August 7, 2025, Plaintiff obtained a copy of his credit report through SmartCredit.com, which reflected multiple tradelines and account reporting items being furnished to Experian.

12. Plaintiff identified multiple accounts and tradelines that were being reported and published by Experian and disputed Experian's lawful basis to possess, process, and publish the disputed information.

13. On or about December 13, 2025, Plaintiff submitted a dispute directly through Experian's online dispute system regarding the accounts and tradelines appearing in the consumer file maintained by Experian, including but not limited to the following tradelines: American Express, Apple Card/Goldman Sachs Bank USA, Navy Federal Credit Union, Nationstar Mortgage, and First Tech Federal Credit Union.

14. Plaintiff's dispute was not limited to balances or payment history, but raised issues concerning Experian's reporting authority and compliance obligations, including the absence of documentation supporting lawful reporting and verification.

15. On December 14, 2025, Plaintiff submitted the same dispute through the Consumer Financial Protection Bureau complaint portal for record preservation and regulatory oversight.

16. The CFPB complaint reference number is 251214-26851068.

17. On December 24, 2025, Experian responded to the CFPB complaint and closed the complaint.

18. Rather than producing verification evidence, furnisher documentation, or reinvestigation procedures responsive to Plaintiff's dispute, Experian attached an unrelated closed small claims court filing that Plaintiff had filed on or about February 21, 2023.

19. Experian's reliance on irrelevant material and failure to address the substance of Plaintiff's dispute constituted a defective and unreasonable reinvestigation under the FCRA.

20. After Plaintiff's website dispute submission, Experian issued rolling dispute results across the disputed accounts.

21. The final dispute result update was dated January 5, 2026, and Experian maintained the disputed reporting rather than deleting or correcting it.

22. On or about January 11, 2026, Plaintiff submitted a formal request for the Method of Verification through the CFPB portal, seeking the procedures used by Experian to verify the disputed information and the documentation relied upon to claim verification.

23. The CFPB complaint number for the method of verification request was 260111-27662859.

24. On or about January 21, 2026, Experian responded to the CFPB complaint by refusing to respond to Plaintiff's request for method of verification, stating that it was unable to respond because the complaint involved the same issues raised in "pending or prior litigation," and marked the complaint as "Litigation involved."

25. Experian did not identify any court order, docket number, or lawful basis excusing compliance with the FCRA's disclosure obligations.

26. Experian never provided a description of the procedures used to determine the accuracy and completeness of the information, including the identity of any furnisher contacted.

27. Despite failing to provide a proper method of verification, Experian continued to maintain and publish the disputed tradelines.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(1)(A)

28. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

29. Plaintiff disputed information appearing in the consumer file maintained by Experian and provided relevant information in support of his dispute.

4

30. Pursuant to 15 U.S.C. § 1681i(a)(1)(A), Experian was required to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to record the current status of the disputed information, or delete the information from the consumer's file.

31. Experian failed to conduct a reasonable reinvestigation and instead issued non-responsive dispute outcomes while continuing to publish the disputed credit accounts.

32. Experian's actions and omissions constitute violations of 15 U.S.C. § 1681i(a)(1)(A).

33. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

**SECOND CLAIM FOR RELIEF**
**15 U.S.C. § 1681i(a)(4)**

34. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

35. Pursuant to 15 U.S.C. § 1681i(a)(4), Experian was required to review and consider all relevant information submitted by Plaintiff in connection with the dispute.

36. Experian failed to review and consider the relevant information submitted by Plaintiff and failed to address the substance of Plaintiff's dispute.

37. Experian's actions and omissions constitute violations of 15 U.S.C. § 1681i(a)(4).

38. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## THIRD CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(5)

39. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

40. Pursuant to 15 U.S.C. § 1681i(a)(5), if disputed information is found to be inaccurate, incomplete, or cannot be verified after a reasonable reinvestigation, Experian must promptly delete or modify that information, as appropriate.

41. Experian continued reporting the disputed tradelines and failed to delete or modify the disputed information, despite failing to provide the requested verification procedures and documentation demonstrating the basis for continued reporting.

42. Experian's actions and omissions constitute violations of 15 U.S.C. § 1681i(a)(5).

43. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## FOURTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681i(a)(6)(B)(iii)

44. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

45. After Experian claimed that disputed information was "verified," Plaintiff requested the method of verification used to determine the accuracy and completeness of the disputed information.

46. Pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii), Experian was required to provide Plaintiff a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of any furnisher of information contacted in connection with the reinvestigation.

6

47. Experian failed and refused to provide the required method of verification and instead denied the request using non-responsive objections and/or improper dispute-handling classifications.

48. Experian's actions and omissions constitute violations of 15 U.S.C. § 1681i(a)(6)(B)(iii).

49. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## FIFTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681e(b)

50. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

51. Pursuant to 15 U.S.C. § 1681e(b), Experian is required to follow reasonable procedures to assure maximum possible accuracy of the information in the consumer report(s).

52. Experian failed to follow reasonable procedures and continued to publish and maintain disputed information without producing lawful verification procedures, and documentation responsive to Plaintiff's dispute.

53. Experian's actions and omissions constitute violations of 15 U.S.C. § 1681e(b).

54. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## SIXTH CLAIM FOR RELIEF
### 15 U.S.C. § 1681b (Permissible Purpose, including §1681b(a)(2))

55. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

7

56. Pursuant to 15 U.S.C. § 1681b, a consumer reporting agency may furnish a consumer report only for purposes authorized by the FCRA and must have reason to believe the requesting party has a permissible purpose.

57. Upon information and belief, Experian furnished Plaintiff's consumer report and/or consumer report information to third parties in connection with credit transactions, including but not limited to automobile financing and related credit inquiries.

58. Plaintiff placed Experian on notice that the disputed credit account tradelines and associated reporting lacked lawful authority and were not supported by documentation establishing permissible purpose or lawful basis for reporting.

59. Plaintiff further requested documentation demonstrating a permissible purpose, including but not limited to written instructions of the consumer under 15 U.S.C. § 1681b(a)(2).

60. Experian did not provide documentation demonstrating that it had written instructions from Plaintiff authorizing the furnishing of the reported tradelines.

61. Experian also failed to identify or document any other permissible purpose under 15 U.S.C. § 1681b, including any qualifying credit transaction under §1681b(a)(3).

62. Despite notice and request, Experian continued to maintain and furnish Plaintiff's consumer report information containing the disputed tradelines.

63. Experian failed to demonstrate that its furnishing of Plaintiff's consumer report information was for a permissible purpose as required under 15 U.S.C. § 1681b.

64. Experian's actions and omissions constitute violations of 15 U.S.C. § 1681b, including but not limited to §1681b(a)(2).

65. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of

credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## SEVENTH CLAIM FOR RELIEF
### Violation of the Connecticut Unfair Trade Practices Act (CUTPA)

**(Unfair or Unconscionable Means)**

66. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67. At all relevant times, Defendant Experian Information Solutions, Inc. engaged in 'trade or commerce' under CUTPA by assembling and furnishing consumer credit information for profit.

68. Defendant's conduct, as alleged herein, constitutes unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Conn. Gen. Stat. § 42-110b(a).

69. Plaintiff submitted a dispute to Defendant concerning specific tradelines appearing in the consumer file maintained by Experian Information Solutions, Inc.. The dispute raised issues concerning the accuracy, legality, and reporting basis of the information.

70. In response, Defendant did not provide documentation, procedures, or explanation demonstrating how the disputed information was verified, and instead relied on an unrelated prior lawsuit that did not address Plaintiff's dispute.

71. Plaintiff subsequently requested the method of verification, including the procedures used, furnishers contacted, and documentation relied upon.

72. Defendant failed and refused to provide the requested method of verification and instead issued non-responsive and misleading statements.

73. Defendant's conduct was deceptive and unfair, including but not limited to:

a. Stating that disputed information was "verified" without providing documentation, procedures, or explanation demonstrating how such verification was performed, and instead referencing an unrelated prior lawsuit;

9

b. Refusing to provide the method of verification by asserting that the request involved "prior or pending litigation," without identifying any applicable proceeding or addressing Plaintiff's request;

c. Failing to disclose the procedures used to verify the disputed information, including the identity of any furnisher contacted or information reviewed;

d. Providing responses that did not address the substance of Plaintiff's dispute, including responses that created the appearance of compliance while failing to address the substance of Plaintiff's dispute or provide required disclosures.

74. Defendant's acts and practices offend public policy as established by the Fair Credit Reporting Act and related consumer protection principles.

75. Defendant's conduct was immoral, unethical, oppressive, and unscrupulous, and caused substantial injury to Plaintiff.

76. Defendant's conduct provided no countervailing benefit to consumers or competition.

77. As a direct and proximate result of Defendant's violations, Plaintiff has suffered injury in fact, including damage to credit reputation and creditworthiness, denial of credit, increased cost of credit, including higher down payment requirements for automobile financing, and other economic and non-economic harm.

## VI. JURY DEMAND

Plaintiff hereby demands trial by jury of our peers on all issues, causes of action, and claims for which a right for demand for trial by jury exists under the Constitution and laws of the United States of America.

10

## VII. <u>RELIEF REQUESTED</u>

Wherefore, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Equifax Information Services LLC, and grant the following relief:

1. **Declaratory relief** pursuant to 28 U.S.C. § 2201, declaring that:

- Defendant failed to reasonably reinvestigate Plaintiff's disputes as required by the FCRA;

- Defendant failed to provide the method of verification after claiming that the disputed information was "verified," in violation of 15 U.S.C. § 1681i(a)(6)(B)(iii);

- Defendant failed to maintain and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report information;

- Defendant failed to demonstrate a lawful basis and permissible purpose for the continued furnishing and publication of Plaintiff's consumer report information.

2. **Statutory Damages** pursuant to 15 U.S.C. § 1681n for willful noncompliance with the FCRA.

3. **Actual Damages** in an amount to be determined at trial for injuries suffered as a result of Defendants' conduct, which Plaintiff alleges exceed $206,000.00 and will be proven at trial.

4. **Costs and reasonable attorneys' fees** pursuant to 15 U.S.C. § 1681n and/or § 1681o, and Conn. Gen. Stat. § 42-110g(d).

5. **Equitable and injunctive relief**, including but not limited to:

- An order requiring Defendant to delete or correct the disputed credit accounts from the consumer file maintained by the defendant Experian Information Solutions, Inc..

6. **Punitive damages** pursuant to 15 U.S.C. § 1681n and as permitted under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110g.

7. Such other and further relief as the Court deems just, proper, and equitable.

11

## VIII. AFFIDAVIT OF FACTS

I, John Hilaire, being over the age of eighteen (18), hereby affirm and state as follows:

1. I am the Plaintiff in this action and have personal knowledge of the facts stated herein.

2. On or about August 7, 2025, I obtained a copy of my consumer report information, which reflected multiple tradelines being maintained and published by the Defendant Experian.

3. The tradelines appearing in the consumer file included accounts associated with American Express, Apple Card/Goldman Sachs Bank USA, Navy Federal Credit Union, Nationstar Mortgage, and First Tech Federal Credit Union.

4. On December 13, 2025, I submitted a dispute directly through Experian's online dispute system concerning the reporting of these credit account tradelines.

5. On December 14, 2025, I submitted a related complaint through the (CFPB) concerning the same disputed information.

6. My dispute was not limited to account ownership or payment history. Instead, I challenged the accuracy, legality, and reporting basis of the information, including whether Experian possessed lawful authority and documentation to support the continued reporting of the tradelines.

7. With my dispute, I submitted a written affidavit requesting documentation demonstrating lawful authority, permissible purpose, and the procedures used to verify the disputed information.

8. In response to my CFPB complaint, Experian attached or referenced a prior small claims lawsuit from 2023, which was unrelated to the substance of my dispute.

9. Experian did not provide documentation, procedures, or explanation demonstrating how the disputed information was verified.

10. Experian's response did not address the substance of my dispute, including my request for lawful authority, permissible purpose, or verification procedures.

11. After receiving Experian's responses, I submitted a request for the method of verification, including the procedures used to determine the accuracy and completeness of the disputed information, the identity of any furnishers contacted, and the documentation relied upon.

12. On or about January 21, 2026, Experian responded through the CFPB portal stating that it was unable to respond because the complaint involved "prior or pending litigation."

13. Experian did not identify any specific litigation applicable to my request and did not provide the requested method of verification.

14. Experian did not provide the procedures used to verify the disputed information, and did not produce documentation supporting the continued reporting of the tradelines.

15. To my knowledge, Experian has not demonstrated that the disputed information was capable of being verified in accordance with the requirements of the Fair Credit Reporting Act.

16. Despite the absence of verification, Experian continued to maintain and publish the disputed tradelines in the consumer file maintained by the defendant.

17. As a result of Experian's conduct, I have suffered harm, including damage to my credit reputation and creditworthiness.

18. I have experienced denial of credit and increased barriers to obtaining credit, including significantly higher down payment requirements for automobile financing.

19. I have also expended time, effort, and resources attempting to correct the inaccurate and unverifiable reporting.

20. The foregoing facts are based upon my personal knowledge and review of the documents and communications received in connection with my dispute.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

By:_____

John Hilaire

**JURAT**

State of Connecticut)

)

County Fairfield)

**ACKNOWLEDGED BEFORE ME** this ___6___ day of April, A.D. 2026, by John Hilaire, who personally appeared before me and acknowledged that he executed the foregoing instrument for the purposes therein contained.

_____

**Signature of Notary Public**

My commission expires;_____

PIERRE J BELIZAIRE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026

13

## IX. VERIFICATION

I, John Hilaire, the claimant in the above entitled action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint against Experian Information Solutions, Inc., and all attached Exhibits are true, and that I will verify the same in open court.

Executed this 6th day of April, 2026.

By:_____

John Hilaire

85 Victory Avenue, Bridgeport, Connecticut 06606-3022-852

STATE OF: Connecticut                                           COUNTY OF: Fairfield

Subscribed and affirmed before me this __6__ day of _____April_____, 2026, by John Hilaire, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument.

_____

Notary Public

My Commission Expires: _____

PIERRE J BELIZAIRE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026

14

## CERTIFICATION

I hereby certify that on this 6th day of April, 2026, I caused a true and correct copy of the foregoing Complaint, together with a Summons issued by the Clerk of Court, to be delivered to the United States Marshal for service upon the Defendants at the following address:

**Defendant:** Experian Information Solutions, Inc.

**Defendants' Agent Service Addresses:** CT Corporation System, 357 East Center Street, Ste. 2 J, Manchester, CT, 06040

Service will be affected by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Respectfully submitted,

By:_____

John Hilaire

15